**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In Re: | : | |
| | : | Chapter 7 |
| HARVEY PENFIELD COLE, III and | : | CASE NO. 24-61503-bem |
| SUSAN SANDS COLE, | : | |
|    Debtors. | : | |
| KAYLA CANNON, MARY LUCY | : | |
| "MOLLY" WHITE, SARA DUNHAM, | : | |
| DREW WHITMORE, | : | |
|    Movants, | : | |
| V. | : | CONTESTED MATTER |
| | : | |
| HARVEY PENFIELD COLE, III and | : | |
| SUSAN SANDS COLE, | : | |
|    Respondents. | : | |

**NOTICE OF HEARING**

     **PLEASE TAKE NOTICE** that Kayla Cannon, Mary Lucy "Molly" White, Sara Dunham, and Drew Whitmore (collectively, the "**Movants**") have filed a *Motion For Relief from the Automatic Stay for the Purpose of Continuing Litigation* (the "**Motion**") and related papers with the Court seeking an order granting Movants relief from the automatic stay to continue litigation.

     **PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing **on the Motion at 10:00 a.m. on December 17, 2024, in Courtroom 1402**, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-In and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

     Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is: Clerk, U. S. Bankruptcy Court, Suite 1340,

75 Ted Turner Drive, SW, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

                                      LAW OFFICES OF HENRY F. SEWELL JR., LLC

                                      ***/s/ Henry F. Sewell, Jr.***
                                      Henry F. Sewell, Jr.
                                      Georgia Bar No. 636265
                                      Buckhead Centre
                                      2964 Peachtree Road NW, Suite 555
                                      Atlanta, GA 30305
                                      (404) 926-0053
                                      hsewell@sewellfirm.com
                                      *Counsel for Movants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In Re: | : | |
| | : | Chapter 7 |
| HARVEY PENFIELD COLE, III and | : | CASE NO. 24-61503-bem |
| SUSAN SANDS COLE, | : | |
|     Debtors. | : | |
| KAYLA CANNON, MARY LUCY | : | |
| "MOLLY" WHITE, SARA DUNHAM, | : | |
| DREW WHITMORE, | : | |
|     Movants, | : | |
| V. | : | CONTESTED MATTER |
| | : | |
| HARVEY PENFIELD COLE, III and | : | |
| SUSAN SANDS COLE, | : | |
|     Respondents. | : | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR THE**
**PURPOSE OF CONTINUING LITIGATION**

**COME NOW**, Kayla Cannon, Mary Lucy "Molly" White, Sara Dunham, and Drew Whitmore (collectively, the "**Movants**"), creditors in the above captioned bankruptcy case (the "**Bankruptcy Case**"), by and through counsel, and hereby file this *Motion For Relief from the Automatic Stay for the Purpose of Continuing Litigation* (the "**Motion**"). In support of this Motion, Movants respectfully show the Court as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Sections 105 and 362 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

**II.    BACKGROUND**

    *A.  Procedural Background.*

3. On October 30, 2024 (the "**Petition Date**"), the above-captioned debtors (the "**Debtors**") filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Georgia seeking relief under Chapter 7 of the Bankruptcy Code.

4. S. Gregory Hays was appointed as trustee in the Bankruptcy Case.

### B. State Court Litigation.

5. As of the Petition Date, Debtor Harvey Penfield Cole, III ("**Defendant Cole**") was a co-defendant in four medical malpractice/negligence lawsuits filed by Movants in the State Court of Fulton County, State of Georgia (the "**State Court**").

6. Movant Kayla Cannon is the Plaintiff in Case No. 24EV001076 (the "**Cannon Case**") that was initiated March 22, 2024, in the State Court against Defendant Cole, Atlanta Oculoplastic Surgery, P.C. d/b/a Oculus Plastic Surgery ("**Oculus**"), and Northside Hospital, Inc. ("**Northside**").

7. Movant Mary Lucy "Molly" White is the Plaintiff in Case No. 24EV008449 (the "**White Case**") that was initiated September 18, 2024, in the State Court against Defendant Cole, Oculus, and Northside.

8. Movant Sara Dunham is the Plaintiff in Case No. 24EV008451 (the "**Dunham Case**") that was initiated September 18, 2024, in the State Court against Defendant Cole, Oculus, and Northside.

9. Movant Drew Whitmore is the Plaintiff in Case No. 24EV008450 (the "**Whitmore Case**") that was initiated September 18, 2024, in the State Court against Defendant Cole, Oculus, and Northside (collectively, the Cannon Case, White Case, Dunham Case, and Whitmore Case are the "**Professional Negligence Cases**").

2

10. At all times material to the Professional Negligence Cases, Defendant Cole was an employee of Oculus and was acting within the course and scope of his employment with Oculus.

11. At the time that the complaints were filed in the Professional Negligence Cases, Defendant Cole was insured and the insurance carrier has appointed counsel to represent the interests of the Debtor in the Professional Negligence Cases.

12. The Professional Negligence Cases do not impact the bankruptcy estate of the Debtors.

13. In the event that the stay is applicable, Movants should be entitled, upon relief from stay, to proceed with the Professional Negligence Cases to liquidate their claims and pursue and recover any available insurance proceeds. To the extent that the available insurance proceeds are insufficient to satisfy the claims of the Movants, Movants shall seek any further relief in this Court.

### III. RELIEF REQUESTED

14. Movants respectfully request relief from the automatic stay to continue the Professional Negligence Cases to liquidate their claims, pursue and recover insurance proceeds, and exercise any and all rights and remedies under state and applicable law. In addition, Movants request that the 10 day stay of an Order granting this Motion pursuant to Bankruptcy Rule 4001(a)(3), if applicable, be waived to allow such Order to be deemed effective immediately on the date of entry.

### IV. BASIS FOR RELIEF

#### A. *Relief from Stay.*

15. Section 362(d) of the Bankruptcy Code governs relief from the stay and provides, in pertinent part, that "[o]n request of a party in interest and after notice and hearing, the court shall grant relief from the stay . . ., such as by terminating, modifying, or conditioning such stay .

3

. . for cause." *See* 11 U.S.C. § 362(d)(1). Actions that "are only remotely related to the case under Title 11 or which involve rights of third parties often will be permitted to proceed in another forum." 2 Collier on Bankruptcy § 362.07[3].

16. "'Cause' for granting relief from the stay may exist if the equities in a particular case dictate that a lawsuit, or some other similar pending action, should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim on which the lawsuit is premised." *In re Marvin Johnson's Auto Serv.*, 192 B.R. 1008, 1013 (Bankr. N.D. Ala. 1996) (determining whether state court litigation should proceed based on various factors).

17. "The purpose of the automatic stay provisions of the Bankruptcy Code is to facilitate the orderly resolution of claims against the estate by protecting the debtor from piecemeal dismemberment. In light of this purpose, courts have noted that Congress envisioned circumstances 'where it would be more appropriate to permit proceedings to continue in their original place of origin when no great prejudice to the bankruptcy estate will result.'" *SkyTop Enters., LLC v. Citrus Tower Blvd. Imaging Ctr., LLC (In re Citrus Tower Blvd. Imaging Ctr., LLC),* 460 B.R. 334, 339 (Bankr. N. D. Ga. 2011) (citation omitted).

18. In *In re Video Cassette Games, Inc.*, 108 B.R. 347, 349 (Bankr. N.D. Ga. 1989) (citations omitted), this Court adopted a simplified three part test to determine whether to lift the stay to permit state court actions to proceed by considering whether: a) the bankruptcy estate or the debtor would incur great prejudice from the continuation of litigation; b) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor of permitting the pending litigation to go proceed; and c) whether the non-debtor party has a likelihood of prevailing on the merits.

4

19. Under the circumstances, these factors all favor lifting the stay, if applicable, for the Professional Negligence Cases to proceed. As an initial matter, neither the estate of the Debtor nor the Debtor would incur any prejudice from a lifting of the stay since the claims in the Professional Negligence Cases will need to be determined as part of the claims process in the Bankruptcy Case and since the interests of the Debtor are being represented by competent counsel appointed by the Debtor's insurance carrier.

20. In contrast, the Movants will incur great hardship and prejudice from being prohibited from pursuing their claims in the Professional Negligence Cases and determining the disposition of the insurance proceeds. Moreover, the claims of the Movants are state law negligence claims for which the Movants are entitled to a trial by jury. Accordingly, the hardship to the Movants considerably outweighs any hardship to the Debtors. The Movants submit that Movants have a high probability of prevailing on the merits in the Professional Negligence Cases.

21. Other factors also favor stay relief. In determining whether to lift the stay to allow pending litigation to continue, courts consider a variety of factors in deciding whether to lift a stay, including: "1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002). These factors overwhelmingly support stay relief to allow the Professional Negligence Cases to proceed. Allowing the Professional Negligence Cases to proceed will serve judicial economy since the claims asserted in the Professional Negligence Cases are governed by Georgia law and it is manifestly more efficient for the State Court to liquidate such claims. The Professional Negligence Cases are ready to proceed to judgment and there are no outstanding bankruptcy issues to resolve other than relief from the

5

stay, if applicable. The continuation of the Professional Negligence Cases will have a limited burden on the estate of the Debtors and may actually favorably impact other creditors as a resolution and determination of the claims asserted in the Professional Negligence Cases and disposition of the insurance proceeds may resolve a claim that may otherwise be asserted in the Bankruptcy Case.

22. Under the circumstances, sufficient and adequate grounds exist to grant Movants relief from the automatic stay for cause as Movants stand to suffer irreparable harm if the Motion is not granted and the Movants are not allowed to pursue their claims in the Professional Negligence Cases and determine the disposition of the insurance proceeds.

23. Good cause also exists for this Court to find that the Order granting this Motion should not be stayed by Bankruptcy Rule 4001(a)(3), if applicable, and, as such, Movants request that the 10 day stay pursuant to Bankruptcy Rule 4001(a)(3) be waived and the Court's Order be deemed effective immediately on the date of the Order.

B. *Reservation of Rights.*

24. The Movants reserve all rights with regard to this matter, including, but not limited to, the right to amend, supplement, or modify this Motion.

**WHEREFORE**, Movants pray that the Court enter an Order, substantially in the form as the proposed order attached as **Exhibit "A"** hereto, that:

1. Grants this Motion;

2. Shall not be subject to the 10 day stay provided for by Bankruptcy Rule 4001(a)(3) such that the Order shall be deemed effective immediately on the date of the Order;

6

3.      Grants Movants relief from the automatic stay to allow the Movants to continue the Professional Negligence Cases, determine the disposition of the insurance proceeds, and exercise any and all rights and remedies under state and applicable law; and

4.      Grants Movants such other and further relief as the Court deems just and proper.

Dated: November 21, 2024.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

**/s/ Henry F. Sewell, Jr.**
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

*Counsel for Movants*

7

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In Re: | : | |
| | : | Chapter 7 |
| HARVEY PENFIELD COLE, III and | : | CASE NO. 24-61503-bem |
| SUSAN SANDS COLE, | : | |
|     Debtors. | : | |
| KAYLA CANNON, MARY LUCY | : | |
| "MOLLY" WHITE, SARA DUNHAM, | : | |
| DREW WHITMORE, | : | |
|     Movants, | : | |
| V. | : | CONTESTED MATTER |
| | : | |
| HARVEY PENFIELD COLE, III and | : | |
| SUSAN SANDS COLE, | : | |
|     Respondents. | : | |

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR THE PURPOSE OF CONTINUING LITIGATION

This matter is before the Court upon the *Motion for Relief from the Automatic Stay for the Purpose of Continuing Litigation* [Doc. No. _____] (the "**Motion**") that was filed by Kayla Cannon, Mary Lucy "Molly" White, Sara Dunham, and Drew Whitmore (collectively, the "**Movants**") seeking relief from the automatic stay to continue litigation in four medical malpractice/negligence

lawsuits filed by Movants in the State Court of Fulton County, State of Georgia (the "**State Court**") against Debtor Harvey Penfield Cole, III ("**Defendant Cole**"), Atlanta Oculoplastic Surgery, P.C. d/b/a Oculus Plastic Surgery, and Northside Hospital, Inc. Movant Kayla Cannon is the Plaintiff in Case No. 24EV001076 (the "**Cannon Case**"), Movant Mary Lucy "Molly" White is the Plaintiff in Case No. 24EV008449 (the "**White Case**"), Movant Sara Dunham is the Plaintiff in Case No. 24EV008451 (the "**Dunham Case**"), and Movant Drew Whitmore is the Plaintiff in Case No. 24EV008450 (the "**Whitmore Case**" and together with the Cannon Case, White Case, and Dunham Case, the "**Professional Negligence Cases**"). Following appropriate notice under the circumstances, no objection was filed in opposition to the Motion.

Upon the Court having reviewed and considered the Motion and the matters reflected in the record of the hearing held on the Motion on December 17, 2024, after due consideration, this Court finds that there is cause under section 362(d) to grant the Motion for relief from the stay. For good cause shown, after adequate notice and opportunity for a hearing and no further notice or opportunity for hearing need be given, it is hereby:

ORDERED, that the Motion is *granted*; and it is further

ORDERED, that Movants are granted immediate relief from the automatic stay to continue and liquidate the Professional Negligence Cases and all claims and causes of action asserted therein, pursue and recover any available insurance proceeds, and exercise any and all rights and remedies under state and applicable law including a trial by jury; and it is further

ORDERED, that, to the extent otherwise applicable, the automatic stay of 11 U.S.C. § 362 is hereby modified and terminated with regard to the Movants, the Professional Negligence Cases, and the disposition of the insurance proceeds and the Movants are permitted to immediately continue the Professional Negligence Cases, determine the disposition of the insurance proceeds,

and exercise any and all rights and remedies under state and applicable law; and it is further

ORDERED, that the 10-day stay of an Order pursuant to Bankruptcy Rule 4001(a)(3), if applicable, is waived to allow this Order to be deemed effective immediately on the date of entry.

***END OF ORDER***

Prepare and presented by

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr., Esq.
Georgia Bar No. 636265
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

**Identification of parties to be served:**
Law Offices of Henry F. Sewell, Jr., LLC
c/o Henry F. Sewell, Jr., Esq.
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305

Office of the U. S. Trustee
362 Richard Russell Building
75 Ted Turner Dr SW
Atlanta, GA 30303

William A. Rountree
Rountree Leitman Klein & Geer, LLC
Century Plaza I, Suite 350
2987 Clairmont Road
Atlanta, GA 30329

S. Gregory Hays, Trustee
Hays Financial Consulting, LLC
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305

Harvey Penfield Cole, III and Susan Sands Cole
2892 Mabry Lane, NE
Brookhaven, GA 30319

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In Re: : | |
| : | Chapter 7 |
| HARVEY PENFIELD COLE, III and : | CASE NO. 24-61503-bem |
| SUSAN SANDS COLE, : | |
|     Debtors. : | |
| KAYLA CANNON, MARY LUCY : | |
| "MOLLY" WHITE, SARA DUNHAM, : | |
| DREW WHITMORE, : | |
|     Movants, : | |
| V. : | CONTESTED MATTER |
| : | |
| HARVEY PENFIELD COLE, III and : | |
| SUSAN SANDS COLE, : | |
|     Respondents. : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the *Motion For Relief from the Automatic Stay for the Purpose of Continuing Litigation* was served via the Court's ECF system to all parties registered with the system who have filed appearances and requested notices and by mailing a copy of the same via first class mail with adequate postage affixed thereon to insure proper delivery as indicated below:

Office of the U. S. Trustee
362 Richard Russell Building
75 Ted Turner Dr SW
Atlanta, GA 30303

S. Gregory Hays, Trustee
Hays Financial Consulting, LLC
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305

William A. Rountree
Rountree Leitman Klein & Geer, LLC
Century Plaza I, Suite 350
2987 Clairmont Road
Atlanta, GA 30329

Harvey Penfield Cole, III and Susan Sands Cole
2892 Mabry Lane, NE
Brookhaven, GA 30319

Dated: November 21, 2024.

LAW OFFICES OF HENRY F. SEWELL JR., LLC
**/s/ Henry F. Sewell, Jr.**
Henry F. Sewell, Jr.
Georgia Bar No. 636265
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com